IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

               Plaintiff,

          v.

WEST LINN POLICE DEPARTMENT;
TERRY TIMEUS, an individual; TONY
REEVES, fka TONY POITRAS, an
individual; and MIKE BOYD, an
individual.

               Defendants.

Case No. 18CV30138

**SUMMONS**

**TO:  DEFENDANT WEST LINN POLICE DEPARTMENT**

     IN THE NAME OF THE STATE OF OREGON:  You are hereby required to appear and defend Plaintiff's Complaint filed against you in the above-entitled cause within 30 days from the date of service of this Summons on you; and if you fail to appear Plaintiff will apply to the Court for the relief demanded in the Complaint.

NOTICE TO DEFENDANT:  READ THESE PAPERS CAREFULLY

     You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the Court a legal paper called a "Motion" or "Answer."  The "Motion" or "Answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service on the plaintiff.

     If you have questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org at (503) 684-3763 or toll-free in Oregon at (800) 452-7636.

///

///

Page 1 – SUMMONS

Exhibit 1
Page 1

1    Dated this 18th day of July, 2018.

BUCHANAN ANGELI ALTSCHUL
& SULLIVAN LLP

Paul Buchanan, OSB No. 940551
paul@baaslaw.com
Alysa Castro, OSB No. 163217
alysa@baaslaw.com
Telephone: (503) 974-5015
*Attorneys for Plaintiff*

Page 2 – SUMMONS

Exhibit 1
Page 2

7/16/2018 5:38 PM
18CV30138

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| MICHAEL FESSER, | Case No._____ |
| Plaintiff, | **COMPLAINT** |
| v. | (42 U.S.C. § 1981 – Deprivation of Right to Make and Enforce Contracts and Deprivation of Full and Equal Benefit of the Law; 42 U.S.C. § 1983 – Violations of the Fourth and Fourteenth Amendments; False Arrest; False Imprisonment; Malicious Prosecution; Intentional Infliction of Emotional Distress; Defamation; 18 U.S.C. § 2511 – Wiretapping; ORS 133.721, *et seq.* – Unlawful Interception and Disclosure; Invasion of Privacy) |
| WEST LINN POLICE DEPARTMENT; TERRY TIMEUS, an individual; TONY REEVES, fka TONY POITRAS, an individual; and MIKE BOYD, an individual. | |
| Defendants. | DEMAND FOR A JURY TRIAL |
| | NOT SUBJECT TO MANDATORY ARBITRATION |
| | Prayer Amount: $2,511,000 |
| | Filing Authority under ORS 21.160(1)(d): $834 |

## **INTRODUCTION**

1.      This is an action for monetary, declaratory and injunctive relief, including

attorneys' fees, costs and punitive damages upon motion, to redress violations of plaintiff's

rights under 42 U.S.C. § 1981, 42. U.S.C. § 1983 in the nature of violations of the Fourth and

Fourteenth Amendments of the United States Constitution and Oregon Constitution, and to assert

state common law claims for false arrest, false imprisonment, malicious prosecution, intentional

infliction of emotional distress, defamation, and invasion of privacy, as well as unlawful

surveillance activity in violation of 18 U.S.C. § 2511 *et seq.*

///

Page 1 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 3

**JURISDICTION**

2.    This court has jurisdiction over plaintiff's claims for monetary and other relief under Article VII, Section 9 of the original Oregon Constitution, as well as Article VII, Section 2 of the Oregon Constitution, as amended.

**VENUE**

3.    Venue is proper in Multnomah County under ORS 14.080 because the underlying acts, omissions, injuries and related facts and circumstances giving rise to the present action primarily occurred in Multnomah County.

**PARTIES**

4.    Plaintiff Michael Fesser ("Mr. Fesser" or "plaintiff"), an individual, is and was at all times material a resident of Portland, Oregon.  Plaintiff was employed full-time in Portland. Plaintiff is African American.

5.    Defendant West Linn Police Department ("WLPD"), is a governmental entity that provides law enforcement for the City of West Linn, Oregon.

6.    Defendant Terry Timeus ("Chief Timeus"), an individual, was the chief of police of the West Linn Police Department from in or around 2005 to on or around October 31, 2017.

7.    Defendant Tony Reeves ("Sgt. Reeves") (fka Tony Poitras), an individual, was a detective with the West Linn Police Department until on or around March 1, 2018, when he was promoted to sergeant.

8.    Defendant Mike Boyd ("Sgt. Boyd"), an individual, was a detective with the West Linn Police Department at all relevant times, who has since been promoted to sergeant.

9.    The West Linn Police Department, Chief Timeus, Sgt. Reeves, and Sgt. Boyd are referred to collectively herein as "the West Linn Defendants."

**GENERAL ALLEGATIONS**

10.    Chief Timeus has for many years had a close personal friendship with the owner of a Portland business where plaintiff was employed during the period at issue in this Complaint.

Page 2 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 4

1    Chief Timeus' friend's business was located entirely within the city of Portland, well outside the

2    boundaries of West Linn.   On information and belief, Chief Timeus' friend informed Chief

3    Timeus of his growing concern that his employee, Mr. Fesser, might sue him as Mr. Fesser had

4    raised complaints of race discrimination.

5        11.    Acting on the basis of his personal friendship and not any concern about criminal

6    activity in West Linn, in late 2016 and/or early 2017, Chief Timeus instructed Sgt. Reeves and

7    Sgt. Boyd to investigate Mr. Fesser and to build a case that Mr. Fesser was involved in employee

8    theft from Chief Timeus' friend's Portland business.  The investigation culminated in an

9    unlawful, extra-jurisdictional and unwarranted surveillance operation in Portland at the business

10   of Chief Timeus' friend where Mr. Fesser was employed.

11       12.    As alleged herein, the West Linn Defendants betrayed the trust placed in them by

12   the citizens of West Linn and expended substantial official time and money acting as Chief

13   Timeus' personal posse to effectuate an unwarranted, illegal, racially-motivated surveillance,

14   arrest and detention of an African-American Portland resident who was employed in the city of

15   Portland and had no relationship to the city of West Linn.

16       13.    At the direction of Chief Timeus, Sgt. Reeves and Sgt. Boyd attempted to secure

17   statements from individuals who were expressly acknowledged in text messages to be "dirty."

18   These text messages can be found on both Chief Timeus' and Sgt. Reeves' phones.  In one such

19   message on Sgt. Reeves' phone, these individuals upon whom the West Linn Defendants sought

20   to build their case against Mr. Fesser are characterized as "dirty, shady fucks."  Sgt. Reeves and

21   Sgt. Boyd hoped they could get these individuals to provide statements or testimony to support

22   the false claim that Mr. Fesser was stealing from Chief Timeus' friend's Portland business.

23       14.    In attempting to secure these statements, the West Linn Defendants, upon

24   information and belief, made multiple false assertions and suggestions to these individuals to

25   cause them to believe that Mr. Fesser was engaged in employee theft from Chief Timeus'

26   friend's business.

Page 3 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 5

1    15.    Acting at the behest of Chief Timeus, Sgt. Reeves also undertook an audio and

2    visual surveillance operation at the Portland business with the assistance of Sgt. Boyd and

3    several civilians, which included unlawful audio surveillance of Mr. Fesser.

4    16.    Sgt. Reeves and Sgt. Boyd conducted the surveillance operation without a warrant

5    or probable cause and in violation of Oregon and federal law during an auction that Mr. Fesser

6    conducted as part of his regular duties at the Portland business on February 25, 2017.  The

7    surveillance operation did not result in any evidence of wrongdoing as Mr. Fesser was not

8    engaging in any improper conduct.

9    17.    Nevertheless, immediately following the auction, on the afternoon of February 25,

10    2017, Sgt. Reeves and Sgt. Boyd, with the participation of Portland Police officers, arrested Mr.

11    Fesser in Portland, based on Sgt. Reeves' and Sgt. Boyd's false representation to the Portland

12    Police that they had "probable cause" for an arrest.

13    18.    Sgt. Reeves and Sgt. Boyd unlawfully arrested, detained and interrogated Mr.

14    Fesser in Portland, outside their jurisdiction, without probable cause.  Sgt. Reeves and Sgt. Boyd

15    also seized Mr. Fesser's belongings, including but not limited to his smartphone, personal

16    papers, and attorney-client privileged communications between Mr. Fesser and his employment

17    attorney regarding his concerns of racial discrimination in the workplace.  The officers told Mr.

18    Fesser that they would hack into his smartphone and access the data and communications

19    without his consent.

20    19.    Sgt. Reeves and Sgt. Boyd subjected Mr. Fesser to further interrogation and

21    threats at the Stark Street police station in Portland.  Following the interrogation, the officers

22    took Mr. Fesser to the Justice Center in Downtown Portland and had him incarcerated in a jail

23    cell.

24    20.    Around midnight, Mr. Fesser was released on his own recognizance with no

25    smartphone, only his wallet and information regarding a court arraignment the following

26    Monday.  The ordeal lasted approximately eight hours.

Page 4 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON, SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 6

1   21.    Although any purported concern about alleged employee theft at a Portland

2   business should have been the sole province of the Portland Police, the West Linn Defendants

3   acted outside their jurisdiction based on Chief Timeus' personal friendship and a shared racially

4   discriminatory animus to attempt to build a pretextual, false and unfounded case against

5   Mr. Fesser.

6   22.    The racist and unlawful nature of the West Linn Defendants' conduct was first

7   revealed to Mr. Fesser in January 2018, when, in the course of civil litigation, information was

8   produced and testimony provided that revealed the nature of the West Linn Defendants'

9   activities related to Mr. Fesser.

10   23.    The evidence Mr. Fesser received in January 2018 revealed that the motivation

11   behind the West Linn Defendants' investigation of Mr. Fesser was racial prejudice and a

12   personal friendship with Chief Timeus.

13   24.    The newly discovered evidence included text messages showing Sgt. Reeves

14   jovially engaging in explicitly racist, sexual, homophobic and highly unprofessional banter

15   throughout the course of his unlawful surveillance and investigation of Mr. Fesser.  In addition,

16   the text messages revealed that the West Linn Defendants played an active part in seeking the

17   termination of Mr. Fesser's employment.

18   25.    The racial animus underlying the investigation and arrest is made plain in these

19   documented exchanges that took place during the unwarranted surveillance effort.

20   26.    In one text exchange, Sgt. Reeves expressly advised that the arrest should happen

21   swiftly so that it would occur before Mr. Fesser could further pursue his complaint of racial

22   discrimination.  Sgt. Reeves asserted, "It's better that we arrest him before he makes the

23   complaint [of race discrimination]. Then it can't be retaliation."

24   27.    Sgt. Reeves further opined, without any knowledge of the basis for Mr. Fesser's

25   concerns about racial discrimination, that what he called Mr. Fesser's effort to "play the race

26   card" would not work. Sgt. Reeves then sought to provide reassurance that any legal claim of

Page 5 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 7

1   race discrimination Mr. Fesser might make regarding the termination of his employment would

2   most likely be covered by insurance.  When a civilian involved in the operation expressed

3   misgivings about their surveillance and planned arrest, Sgt. Reeves stated: "I'm about to sue you

4   for being a pussy."  Sgt. Reeves further assured the civilian that we are "doing the right thing."

5         28.      At another point near the beginning of the surveillance operation Sgt. Reeves

6   stated, "fuck this I'm scared" and indicated he was calling off the operation, before proceeding

7   anyway.  Underscoring the fact that the surveillance operation was being performed due to Chief

8   Timeus' relationship with the business owner, Sgt. Reeves joked that the Portland business-

9   owner was "t-bagging the chief," an apparent reference to oral sex.

10        29.      The evidence Mr. Fesser received in January 2018 also shows that the West Linn

11  Defendants knowingly acted outside of their jurisdiction in conducting their investigation and

12  arrest.  Specifically, the text messages indicate that Sgt. Reeves planned to arrest, detain and

13  interrogate Mr. Fesser in Portland – well outside the West Linn Defendants' jurisdiction, unless

14  Mr. Fesser "lawyered up." In another text message Sgt. Reeves lamented that he was acting

15  outside his jurisdiction.

16        30.      Text messages also demonstrate that Sgt. Reeves made multiple defamatory

17  statements about plaintiff.  For example, Sgt. Reeves made false statements about Mr. Fesser in

18  writing to Mr. Fesser's employer, including, "He is robbing you blind;" "Today his reign of

19  terror ends;" and "Like he hasn't been in your pocket for years."

20        31.      While the business where the surveillance took place included warning notices

21  that video surveillance cameras were in use, there were no notices posted indicating that audio

22  surveillance was conducted on those premises.

23        32.      Nevertheless, Sgt. Reeves ensured that conversations occurring at the Portland

24  business involving Mr. Fesser and others were surreptitiously monitored and recorded.  Using an

25  app known as "Swann View," and relying on the assistance of civilian personnel, Sgt. Reeves

26  received real-time updates regarding the unlawful audio surveillance as it took place.

Page 6 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 8

1    33.    Immediately after the surveillance effort at the Portland auction where plaintiff

2    was employed, Sgt. Reeves' texted "my game my rules!"  Moments later, Sgt. Reeves and Sgt.

3    Boyd with the assistance of the Portland Police secured the arrest of Mr. Fesser in public on a

4    city street in Portland as Mr. Fesser was leaving work for the day.

5    34.    Portland police records show that Portland Police officers some of whom, on

6    information and belief, knew Sgt. Reeves from his prior service as a Portland Police Officer,

7    accepted without question the West Linn Defendants' assertions that there was probable cause to

8    arrest Mr. Fesser.

9    35.    As he was being handcuffed, one of the Portland Police officers who knows

10    Mr. Fesser from Mr. Fesser's years of doing ministry work in local prisons expressed his

11    discomfort with the situation, stating, "Mike, this is not my call.  I don't want to be here.  We're

12    just assisting West Linn."

13    36.    On the following Monday, February 27, 2017, Sgt. Reeves called Mr. Fesser and

14    instructed him to come to the West Linn Police Department to retrieve his belongings.

15    Mr. Fesser had to travel to West Linn – a town to which he has no connection – to retrieve his

16    personal possessions that the West Linn Defendants wrongfully seized, including the smartphone

17    that they said they would hack.

18    37.    At the West Linn Police Department, Sgt. Reeves and Sgt. Boyd informed

19    Mr. Fesser that his employment at the Portland company where he had worked for approximately

20    twelve years was terminated.  Mr. Fesser thought it was bizarre that West Linn police officers

21    were empowered to summon him to West Linn and fire him from his job.

22    38.    The West Linn officers further instructed Mr. Fesser that he was not permitted to

23    have any contact with his employer and was not permitted to return to his former place of work

24    in Portland at any time.  Sgt. Boyd made further harassing commentary to Mr. Fesser and gave

25    him back his smartphone along with some, but not all, of his personal items.  The officers did not

26    return Mr. Fesser's attorney-client privileged correspondence and, on information and belief,

Page 7 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 9

1  proceeded instead to provide that confidential privileged correspondence to Chief Timeus'

2  friend.

3       39.    On that same Monday, February 27, 2017, Mr. Fesser went to Multnomah County

4  Circuit Court at the time designated in the papers he had received upon discharge from the jail.

5       40.    When Mr. Fesser checked in, a court clerk informed him that no charges were

6  being pursued against him.  The clerk gave Mr. Fesser instructions on how to handle what the

7  clerk referred to as a "no complaint" case, along with a number to call to determine if any

8  complaint was being pursued by any alleged "victim."

9       41.    For several months Mr. Fesser regularly called in to the Multnomah County

10  Circuit Court to see if the baseless criminal case against him was being pursued.  Each time he

11  called in, the clerk informed him that the matter still was considered a "no complaint" case.  In

12  the months following Mr. Fesser's arrest, upon information and belief, the West Linn Defendants

13  conducted no further investigation into any alleged criminal activity regarding Mr. Fesser.  The

14  investigation and arrest had apparently served their intended purpose.

15       42.    Approximately seven months after his arrest, Mr. Fesser filed a lawsuit in

16  Multnomah County Circuit Court against his former employer based on the termination of his

17  employment and on the issues and concerns that were referenced in the attorney-client privileged

18  communications that the West Linn Defendants had seized from him.

19       43.    Upon information and belief, immediately after Mr. Fesser filed his lawsuit, the

20  West Linn Defendants reopened their file and reactivated their case against Mr. Fesser.

21       44.    Upon information and belief, shortly after the filing of the civil litigation

22  referenced above, the West Linn Defendants sought to prevail upon the Multnomah County

23  District Attorney to bring criminal charges against Mr. Fesser.  This effort finally bore fruit in

24  November 2017 when criminal charges were initiated.

25  ///

26  ///

Page 8 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON, SUITE 516
PORTLAND, OREGON 97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 10

1    45.    Just a few months later, however, on March 23, 2018, the District Attorney

2  dismissed the criminal charges against Mr. Fesser without taking any sustained action on the

3  case and without any plea or conviction.

4    46.    The apparent lack of activity by the West Linn Defendants and all other law

5  enforcement personnel in the months immediately following Mr. Fesser's arrest, coupled with

6  the apparent sudden renewed interest in the case following Mr. Fesser's filing of a lawsuit

7  regarding racial discrimination and retaliation, underscores that the West Linn Defendants were

8  acting on the basis of personal motivations in their efforts against Mr. Fesser, rather than any

9  legitimate law enforcement concern.

10    47.    The West Linn Defendants' surveillance, arrest, incarceration and interrogation of

11  Mr. Fesser without a warrant or probable cause and their pursuit of baseless criminal charges

12  against Mr. Fesser were racially motivated, extra-jurisdictional and an egregious abuse of the

13  power with which the police are entrusted.

14    48.    As a result of the West Linn Defendants' violation of Mr. Fesser's civil rights,

15  Mr. Fesser has suffered reputational injury, emotional distress and economic damages.

16    49.    Mr. Fesser lost his job as a direct result of the West Linn Defendants' actions.  In

17  addition, as a result of his arrest and threatened criminal prosecution, Mr. Fesser was prevented

18  for months from performing his volunteer ministry work in the local prisons, where he has for

19  years provided spiritual and personal support to inmates of all faiths and backgrounds who are

20  attempting to become productive citizens.

21    50.    The West Linn Defendants' false and baseless criminal charges had a serious

22  impact on Mr. Fesser's reputation within the communities in which he is known, including

23  among the prison officials and Portland Police officers with whom he works in his ministry

24  work, and in the retail business in which he continues to earn a living.

25    51.    Mr. Fesser provided formal written notice of his claims pursuant to the Oregon

26  Torts Claims Act, ORS 30.275, on June 4, 2018.

Page 9 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 11

### FIRST CLAIM FOR RELIEF
### Violation of 42 U.S.C. § 1981
### Against all Defendants

52.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 51.

53.    The West Linn Defendants were acting under color of law when they committed the actions described herein.  Chief Timeus, Sgt. Reeves, and Sgt. Boyd were acting in the course and scope of their duties in the actions alleged herein.

54.    In the alternative, Chief Timeus, Sgt. Reeves, and Sgt. Boyd were acting outside the course and scope of their duties based on a personal motives in undertaking the acts alleged herein.

55.    The West Linn Defendants violated plaintiff's right to make an enforce contracts and acted on the basis of plaintiff's race to deprive him of the full and equal benefit of the law in violation of 42 U.S.C. § 1981.

56.    The West Linn Defendants knew or in the reasonable exercise of reasonable care should have known that their actions as alleged herein were unlawful, extra-jurisdictional, and unwarranted.

57.    The West Linn Defendants engaged in an unlawful surveillance effort, in part, to prevent plaintiff from asserting claims of racial discrimination and retaliation in his workplace.

58.    The West Linn Defendants advocated for plaintiff's unlawful termination, despite concerns about the likelihood of a race discrimination lawsuit.  The West Linn Defendants took it upon themselves to personally fire plaintiff from his job of twelve years and to forbid him from going onto the property of his former place of employment.

59.    The West Linn Defendants further violated 42 U.S.C. § 1981 by transgressing Mr. Fesser's Fourth Amendment rights in wrongfully surveilling, interrogating, and arresting him, and discriminating against him based on his race without a warrant or probable cause.

///

Page 10 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 12

60.    Through their actions, defendants intended to discriminate against plaintiff on the basis of plaintiff's race.

61.    The racial discrimination practiced by the West Linn Defendants as alleged herein deprived plaintiff of the equal benefit of the law and interfered with plaintiff's employment contract.

62.    Plaintiff is entitled to a declaration that the West Linn Defendants violated 42 U.S.C. § 1981 by depriving plaintiff of his right to make an enforce contracts and acted on the basis of Mr. Fesser's race to deprive him of the full and equal benefit of the law.

63.    As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff has suffered and will continue to suffer economic losses including, but not limited to, lost income from future employment and impairment of future earning capacity, plus prejudgment interest, for which plaintiff seeks compensation in an amount to be proven at trial, but not less than $500,000.

64.    As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff has suffered and will continue to suffer noneconomic damages in the form of injury to his reputation, emotional distress, anxiety, humiliation and embarrassment, and is entitled to an award of compensatory damages in the amount of $2,000,000.

65.    Because the West Linn Defendants engaged in egregious and malicious conduct and, in so doing, acted willfully, knowingly, intentionally, or with reckless disregard for plaintiff's constitutional and statutory rights, plaintiff reserves the right to move the court to amend the complaint to seek an award of punitive damages against the West Linn Defendants for the purpose of punishing these defendants and to deter them and others from such conduct in the future.

66.    Plaintiff is also entitled to recover his reasonable attorneys' fees, expert fees and costs pursuant to ORS 20.107 and 42 U.S.C. § 1988.

///

Page 11 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 13

**SECOND CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983**
**Against all Defendants**

67.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 66.

68.    The West Linn Defendants were acting under color of law when they committed the actions described herein.  Chief Timeus, Sgt. Reeves, and Sgt. Boyd were acting in the course and scope of their duties in the actions alleged herein.

69.    In the alternative, Chief Timeus, Sgt. Reeves, and Sgt. Boyd were acting outside the course and scope of their duties based on a personal motives in undertaking the acts alleged herein.

70.    The West Linn Defendants asserted false claims against plaintiff based on fabricated, incomplete, exaggerated, and/or mischaracterized information.

71.    The West Linn Defendants did not have a warrant or probable cause when they surveilled, investigated, arrested, interrogated, searched plaintiff, seized his personal belongings, and incarcerated him based on fabricated allegations of criminal conduct.

72.    The conduct of the West Linn Defendants violated Mr. Fesser's rights under the Fourth and Fourteenth Amendments of the United States Constitution and those under Oregon law and the Oregon Constitution.

Including without limitation in the following particulars:

   a.    The West Linn Defendants subjected plaintiff to illegal search and seizure without a warrant or probable cause in violation of the Fourth Amendment of the United States Constitution, as well as the Oregon Constitution and Oregon statutory law.

   b.    The West Linn Defendants unlawfully arrested plaintiff without a warrant or probable cause in violation of the Fourth Amendment of the United

///

Page 12 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 14

1    States Constitution, as well as the Oregon Constitution and Oregon

2    statutory law.

3    c.    The West Linn Defendants unlawfully imprisoned plaintiff in violation of

4    the Fourth Amendment of the United States Constitution, as well as the

5    Oregon Constitution and Oregon statutory law.

6    d.    The West Linn Defendants discriminated against plaintiff because of his

7    race in violation of the Fourteenth Amendment to the United States

8    Constitution, as well as the Oregon Constitution and Oregon statutory law.

9    73.    Plaintiff is entitled to a declaration that the West Linn Defendants violated 42

10  U.S.C. § 1983 by depriving plaintiff of the rights guaranteed by the Fourth and Fourteenth

11  Amendments of the United States Constitution and those under Oregon law and the Oregon

12  Constitution.

13    74.    As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff

14  has suffered and will continue to suffer economic losses including, but not limited to, lost

15  income from future employment and impairment of future earning capacity, plus prejudgment

16  interest, for which plaintiff seeks compensation in an amount to be proven at trial, but not less

17  than $500,000.

18    75.    As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff

19  has suffered and will continue to suffer noneconomic damages in the form of injury to his

20  reputation, emotional distress, anxiety, humiliation and embarrassment, and is entitled to an

21  award of compensatory damages in the amount of $2,000,000.

22    76.    Because the West Linn Defendants engaged in egregious and malicious conduct

23  and, in so doing, acted willfully, knowingly, intentionally, or with reckless disregard for

24  plaintiff's constitutional and statutory rights, plaintiff reserves the right to move the Court to

25  amend the complaint to seek an award of punitive damages against the West Linn Defendants for

26  ///

Page 13 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON 97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 15

1   the purpose of punishing these defendants and to deter them and others from such conduct in the

2   future.

3       77.     Plaintiff is also entitled to recover his reasonable attorneys' fees, expert fees and

4   costs pursuant to ORS 20.107 and 42 U.S.C. § 1988.

5                           **THIRD CLAIM FOR RELIEF**
                                  **False Arrest**
6                              **Against all Defendants**

7       78.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1

8   through 77.

9       79.     On February 25, 2017, the West Linn Defendants caused plaintiff to be arrested in

10  Portland Oregon without a warrant or any other legal process and without probable cause or any

11  objectively reasonable basis.

12      80.     The West Linn Defendants intended to cause plaintiff to be arrested based on

13  false allegations and pretext.

14      81.     After plaintiff was arrested, he was unlawfully detained and incarcerated against

15  his will, without a warrant or probable cause.

16      82.     Plaintiff did not engage in any unlawful conduct and the West Linn Defendants

17  did not have reasonable suspicion or probable cause to believe that plaintiff had engaged in any

18  illegal activity.

19      83.     Within the time allowed by ORS 30.275, on or about June 4, 2018, plaintiff

20  presented a formal written notice of his claims to the West Linn Defendants for damages arising

21  out of the facts and circumstances detailed above.

22      84.     As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff

23  was deprived of his liberty and has suffered and will continue to suffer noneconomic damages in

24  the form of injury to his reputation, emotional distress, anxiety, humiliation and embarrassment,

25  and is entitled to an award of compensatory damages in the amount of $2,000,000.

26  ///

Page 14 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 16

## FOURTH CLAIM FOR RELIEF
### False Imprisonment
### Against all Defendants

85.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 84.

86.    Plaintiff did not engage in any unlawful conduct and the West Linn Defendants did not have reasonable suspicion or probable cause to believe/ that plaintiff had engaged in any illegal activity.

87.    On February 25, 2017, Sgt. Reeves and Sgt. Boyd searched Mr. Fesser, his vehicle and his personal belongings and found no evidence of wrongdoing.

88.    Despite the absence of probable cause and despite the absence of jurisdiction, the West Linn Defendants caused plaintiff to be handcuffed taken into custody, detained, interrogated and imprisoned in a jail cell in Portland.

89.    Plaintiff was unlawfully arrested, detained, and interrogated by Sgt. Reeves and Sgt. Boyd, and imprisoned in a jail cell in Portland for a total of approximately eight hours.

90.    Neither Sgt. Reeves nor Sgt. Boyd, nor any other member of the West Linn or Portland Police Departments made any reasonable attempt to undertake their investigation, detention or interrogation in a lawful manner.

91.    Within the time allowed by ORS 30.275, on or about June 4, 2018, plaintiff presented a formal written notice of his claims to the West Linn Defendants for damages arising out of the facts and circumstances detailed above.

92.    As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff was deprived of his liberty and has suffered and will continue to suffer noneconomic damages in the form of injury to his reputation, emotional distress, anxiety, humiliation and embarrassment, and is entitled to an award of compensatory damages in the amount of $2,000,000.

///

///

Page 15 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 17

### FIFTH CLAIM FOR RELIEF
### Malicious Prosecution
### Against all Defendants

93.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 92.

94.    At the direction of Chief Timeus, who was motivated to assist Mr. Fesser's former employer based on a personal relationship and by racial animus, the West Linn Defendants commenced an ongoing investigation and initiated criminal proceedings against Mr. Fesser based on false allegations of misconduct.  The West Linn Defendants had no reasonable belief or suspicion that Mr. Fesser was engaged in any unlawful conduct in West Linn and acted for no legitimate or lawful purpose.

95.    The West Linn Defendants engaged in the investigation of plaintiff and initiation of criminal proceedings against him in a conscious effort to prevent plaintiff from asserting his claims of racial discrimination and retaliation in the workplace.

96.    After Mr. Fesser filed a lawsuit against his former employer, who was also Chief Timeus' personal friend, the West Linn Defendants reopened plaintiff's case and, based on false representations and misleading evidence and witnesses acknowledged to be "dirty" sought to influence the Multnomah County District Attorney's Office to assert criminal charges against Mr. Fesser.

97.    The West Linn Defendants investigated and subjected plaintiff to criminal charges and proceedings, even though none of the alleged conduct took place in or near the city of West Linn.  The West Linn Defendants actions were motivated by Chief Timeus' personal interests and not any legitimate law enforcement interest, as well as by documented racially discriminatory animus.

98.    The West Linn Defendants maliciously and intentionally subjected Mr. Fesser to criminal charges based on evidence that was deliberately manipulated and fabricated, despite

///

Page 16 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON, SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 18

1  their apparent knowledge that their conduct was unlawful.  The West Linn Defendants also

2  intentionally withheld evidence in their attempt to justify their unlawful conduct.

3      99.    The West Linn Defendants did not have probable cause nor objectively

4  reasonable suspicion when they orchestrated the investigation, arrest, interrogation, search, and

5  incarceration of Mr. Fesser.

6      100.    The criminal case against plaintiff was never pursued in earnest and was baseless.

7  On March 23, 2018, the Multnomah County district attorney dismissed all criminal charges

8  against Mr. Fesser without taking any sustained action on the case and without any plea or

9  conviction.

10      101.    Within the time allowed by ORS 30.275, on or about June 4, 2018, plaintiff

11  presented a formal written notice of his claims to the West Linn Defendants for damages arising

12  out of the facts and circumstances detailed above.

13      102.    As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff

14  has suffered and will continue to suffer noneconomic damages in the form of injury to his

15  reputation, emotional distress, anxiety, humiliation and embarrassment, and is entitled to an

16  award of compensatory damages in the amount of $2,000,000.

17  <center>**SIXTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress**
18  **Against all Defendants**</center>

19      103.    Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

20  through 102.

21      104.    As detailed above, the West Linn Defendants engaged in outrageous, egregious,

22  and unprivileged conduct, including but not limited to knowingly and intentionally causing

23  plaintiff to be unlawfully detained, arrested, interrogated, and incarcerated by maliciously

24  conspiring to assert a pretextual, false, and unfounded case against plaintiff outside their

25  jurisdiction.

26  ///

Page 17 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON 97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 19

1    105.    The West Linn Defendants knowingly relied on witnesses that they acknowledged

2    were "dirty" to make false statements concerning plaintiff.  Sgt. Reeves and Sgt. Boyd caused

3    plaintiff to be arrested and detailed in Multnomah County where they questioned him, threatened

4    him, and seized his personal belongings including his attorney-client privileged correspondence

5    and his smartphone.

6    106.    Sgt. Reeves and Sgt. Boyd told Mr. Fesser that they would break into his

7    smartphone which they seized it from him without any legal basis.

8    107.    The West Linn Defendants expressly advocated for Mr. Fesser's employer to fire

9    him and to do so soon, before plaintiff might more formally complain about race discrimination

10    asserting, as Sgt. Reeved did, "that way it can't be retaliation."

11    108.    Sgt. Reeves and Sgt. Boyd acted for beyond their authority and abused their

12    authority as West Linn Police Officers by summoning plaintiff, a resident of Portland, to West

13    Linn the following Monday and informing him that he was fired from his job in Portland which

14    he had held for approximately twelve years, and by instructing him that he was not permitted to

15    go on or near his employer's property.  The officers also made further harassing commentary,

16    referencing an Officer Michael Stradley, formerly of the Portland Police and now with the West

17    Linn Police.

18    109.    Sgt. Reeves also communicated falsely with several of plaintiff's former

19    colleagues and customers indicating that plaintiff stole thousands of dollars from Chief Timeus'

20    friend, intentionally defaming plaintiff and besmirching his reputation.

21    110.    The West Linn Defendants' conduct was racially motivated and discriminatory.

22    111.    The West Linn Defendants' betrayed the trust placed in them by the citizenry of

23    West Linn to expend official time and money acting as Chief Timeus' personal posse outside

24    their jurisdiction.  The West Linn Defendants' conduct as alleged herein was extreme,

25    outrageous, and constituted an extraordinary transgression of the bounds of socially tolerable

26    conduct.

Page 18 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 20

112.    The West Linn Defendants intended to inflict emotional distress upon plaintiff and were substantially certain their acts would cause plaintiff emotional distress.

113.    Within the time allowed by ORS 30.275, on or about June 4, 2018, plaintiff presented a formal written notice of his claims to the West Linn Defendants for damages arising out of the facts and circumstances detailed above.

114.    As a direct and proximate result of the West Linn Defendants' conduct, plaintiff was caused to incur severe emotional distress, mental anguish, degradation, and embarrassment and is entitled to an award of compensatory damages in the amount of $2,000,000.

**SEVENTH CLAIM FOR RELIEF**
**Defamation**
**Against all Defendants**

115.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 114.

116.    The West Linn Defendants made multiple false and defamatory statements about Mr. Fesser that reflected on his character and his professional competence, diminished the esteem, respect, goodwill or confidence in which plaintiff is held and excited adverse, derogatory or unpleasant feelings or opinions against plaintiff.

117.    The West Linn Defendants published statements to third parties that assert or imply that Mr. Fesser engaged in theft and embezzlement at work, which constitutes defamation per se.

118.    During the course of their investigation, the West Linn Defendants published these statements to third parties, including but not limited to plaintiff's former employer, and plaintiff's colleagues, and customers.

119.    Within the time allowed by ORS 30.275, on or about June 4, 2018, plaintiff presented a formal written notice of his claims to the West Linn Defendants for damages arising out of the facts and circumstances detailed above.

///

Page 19 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON 97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 21

1    120.    As a direct and proximate cause of the West Linn Defendants' false statements,

2    plaintiff has suffered economic losses including, but not limited to, lost income from future

3    employment and impairment of future earning capacity, plus prejudgment interest, for which

4    plaintiff seeks compensation in an amount to be proven at trial.

5    121.    As a direct and proximate cause of the West Linn Defendants' conduct, plaintiff

6    has suffered and will continue to suffer noneconomic damages in the form of injury to his

7    reputation, emotional distress, anxiety, humiliation and embarrassment, and is entitled to an

8    award of compensatory damages in the amount of $2,000,000.

### EIGHTH CLAIM FOR RELIEF
9
### Violation of ORS 18 U.S.C. § 2511 – Wiretapping
### Against all Defendants
10

11    122.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1

12    through 121.

13    123.    On or about February 25, 2017, the West Linn defendants ensured that

14    conversations occurring at the Portland business involving plaintiff and others were

15    surreptitiously monitored and recorded in violation of 18 U.S.C. § 2511(1)(a).

16    124.    Specifically, using an app known as "Swann View," the West Linn Defendants

17    employed the surveillance equipment and active assistance of civilian personnel to receive real-

18    time updates regarding the unlawful audio surveillance of Mr. Fesser's office.

19    125.    The West Linn Defendants intentionally intercepted conversations between

20    plaintiff and third parties and, with the equipment and assistance of civilian personnel, ensured

21    that there were recordings of these conversations.

22    126.    The West Linn Defendants intercepted plaintiff's conversations with third parties

23    without plaintiff's knowledge or consent, and without the knowledge or consent of the third

24    parties to whom plaintiff spoke, for the purpose of committing criminal and/or tortious act in

25    violation of federal and state law.

26    ///

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON , SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 22

127.    The West Linn Defendants disclosed and used the conversations and recordings in their efforts to support a trumped-up criminal investigation of plaintiff, in violation of 18 U.S.C. § 2511(1)(c) and (d).

128.    Under 18 U.S.C. § 2520(c)(2), plaintiff is entitled to damages in the amount of the greater of the sum of actual damages suffered by plaintiff, in an amount to be determined at trial, or statutory damages of $10,000.

129.    Because the West Linn Defendants engaged in egregious and malicious conduct and, in so doing, acted willfully, knowingly, intentionally, or with reckless disregard for plaintiff's constitutional and statutory rights, plaintiff reserves the right to move the Court to amend the complaint to seek an award of punitive damages against the West Linn Defendants for the purpose of punishing these defendants and to deter them and others from such conduct in the future, as authorized by 18 U.S.C. § 2520(b)(2).

130.    Plaintiff is entitled to recover his reasonable attorneys' fees and costs as authorized by 18 U.S.C. § 2520(b)(3).

### NINTH CLAIM FOR RELIEF
**Violation of ORS 133.721 *et seq.* – Unlawful Interception and Disclosure
Against all Defendants**

131.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 130.

132.    The West Linn Defendants intentionally intercepted conversations between plaintiff and third parties and, with the equipment and assistance of civilian personnel, ensured that there were recordings of these conversations.

133.    The West Linn Defendants intercepted plaintiff's conversations without a warrant or application for an ex parte order, in violation of ORS 133.724, and in further violation of ORS 165.543.

134.    The West Linn Defendants intercepted plaintiff's conversations with third parties without plaintiff's knowledge or consent, and without the knowledge or consent of any of the

Page 21 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 23

1    third parties to whom plaintiff spoke, for the purpose of committing criminal and/or tortious act

2    in violation of federal and state law.

3        135.    The West Linn Defendants disclosed and used the conversations and recordings in

4    their efforts to support a trumped-up criminal investigation of plaintiff, in violation of ORS

5    133.737(4).

6        136.    Within the time allowed by ORS 30.275, on or about June 4, 2018, plaintiff

7    presented a formal written notice of his claims to the West Linn Defendants for damages arising

8    out of the facts and circumstances detailed above.

9        137.    Plaintiff is entitled to a declaration that the West Linn Defendants violated

10    ORS 133.724 and 133.737 by unlawfully intercepting, disclosing, and using his private

11    conversations.

12        138.    Under ORS 133.739(1)(a), plaintiff is entitled to actual damages incurred as a

13    result of the West Linn Defendants' unlawful interception and disclosure of his conversations,

14    but not less than damages computed at the rate of $100 per day for each day of violation or

15    $1,000, whichever is greater.

16        139.    Because the West Linn Defendants engaged in egregious and malicious conduct

17    and, in so doing, acted willfully, knowingly, intentionally, or with reckless disregard for

18    plaintiff's constitutional and statutory rights, plaintiff reserves the right to move the Court to

19    amend the complaint to seek an award of punitive damages against the West Linn Defendants for

20    the purpose of punishing these defendants and to deter them and others from such conduct in the

21    future, as authorized by ORS 133.739(1)(b).

22        140.    Plaintiff is entitled to recover his reasonable attorneys' fees and costs as

23    authorized by ORS 133.739(5).

24    ///

25    ///

26    ///

Page 22 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON 97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 24

## TENTH CLAIM FOR RELIEF
### Invasion of Privacy
### Against all Defendants

141.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 140.

142.    The West Linn Defendants participated in an unlawful surveillance operation without a warrant or probable cause outside of their jurisdiction, wherein plaintiff's conversations with third parties were intercepted and recorded without his knowledge or consent.

143.    The West Linn Defendants also seized plaintiff's smartphone and told him they would hack into it.

144.    The West Linn Defendants also took plaintiff's attorney-client privileged communications and, on information and belief, gave them to a third party.

145.    In conducting their surveillance and investigation of plaintiff, the West Linn Defendants publicly placed plaintiff in a false light, including by claiming that he was stealing from his employer.

146.    The West Linn Defendants' conduct was objectionable to plaintiff and would have been objectionable to any reasonable person of ordinary sensibilities, in that the West Linn Defendants' actions were done without plaintiff's consent and in an offensive manner.

147.    The West Linn Defendants intruded into plaintiff's conversations and personal belongings, which were private and entitled to be private, which constitutes an invasion into plaintiff's solitude, seclusion, and right to privacy that he did not consent to.

148.    The conduct of the West Linn Defendants described herein was done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and emotional and physical distress.

149.    Within the time allowed by ORS 30.275, on or about June 4, 2018, plaintiff presented a formal written notice of his claims to the West Linn Defendants for damages arising out of the facts and circumstances detailed above.

Page 23 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 25

150.    As a direct and proximate result of the West Linn Defendants' conduct, plaintiff was caused to incur severe emotional distress, mental anguish, degradation, and embarrassment and is entitled to an award of compensatory damages in the amount of $2,000,000.

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.    On Plaintiff's Second Claim for Relief:

    a.    A declaration that the West Linn Defendants violated 42 U.S.C. § 1981 by depriving plaintiff of his right to make and enforce contracts and acted on the basis of plaintiff's race to deprive him of the full and equal benefit of the law;

    b.    An award of economic damages for past and future lost wages and benefits and out-of-pocket expenses, plus prejudgment interest, in an amount to be determined at trial, but not less than $500,000;

    c.    An award of noneconomic damages to compensate plaintiff for injury to his reputation, emotional distress, anxiety, humiliation, and embarrassment in the amount of $2,000,000;

    d.    An award of punitive damages upon motion; and

    e.    Plaintiff's attorneys' fees, expert fees and costs incurred herein.

2.    On Plaintiff's Second Claim for Relief:

    a.    A declaration that the West Linn Defendants violated 42 U.S.C. § 1983 by violating plaintiff's rights under the Fourth and Fourteenth Amendments;

    b.    An award of economic damages for past and future lost wages and benefits and out-of-pocket expenses, plus prejudgment interest, in an amount to be determined at trial, but not less than $500,000;

    c.    An award of noneconomic damages to compensate plaintiff for injury to his reputation, emotional distress, anxiety, humiliation, and embarrassment in the amount of $2,000,000;

Page 24 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON, SUITE 516
PORTLAND, OREGON 97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 26

1          c.    An award of punitive damages against defendants upon motion; and

2          d.    Plaintiff's attorneys' fees, expert fees and costs incurred herein.

3    3.    On Plaintiff's Third Claim for Relief:

4          a.    A declaration that the West Linn Defendants unlawfully arrested plaintiff

5                without a warrant or probable cause; and

6          b.    An award of noneconomic damages to compensate plaintiff for injury to

7                his reputation, emotional distress, anxiety, humiliation, and

8                embarrassment in the amount of $2,000,000.

9    4.    On Plaintiff's Fourth Claim for Relief:

10         a.    A declaration that the West Linn Defendants unlawfully detained and

11               incarcerated plaintiff without a warrant or probable cause; and

12         b.    An award of noneconomic damages to compensate plaintiff for injury to

13               his reputation, emotional distress, anxiety, humiliation, and

14               embarrassment in the amount of $2,000,000.

15   5.    On Plaintiff's Fifth Claim for Relief:

16         a.    An award of noneconomic damages to compensate plaintiff for injury to

17               his reputation, emotional distress, anxiety, humiliation, and

18               embarrassment in the amount of $2,000,000.

19   6.    On Plaintiff's Sixth Claim for Relief:

20         a.    An award of noneconomic damages to compensate plaintiff for injury to

21               his reputation, emotional distress, anxiety, humiliation, and

22               embarrassment in the amount of $2,000,000.

23   7.    On Plaintiff's Seventh Claim for Relief:

24         a.    An award of economic damages for past and future lost wages and

25               benefits and out-of-pocket expenses, plus prejudgment interest, in an

26               amount to be determined at trial; and

Page 25 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON., SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 27

1       c.    An award of noneconomic damages to compensate plaintiff for injury to

2           his reputation, emotional distress, anxiety, humiliation, and

3           embarrassment in the amount of $2,000,000.

4     8.    On Plaintiff's Eighth Claim for Relief:

5       a.    An award of damages in the amount of the greater of the sum of actual

6           damages suffered by plaintiff, in an amount to be determined at trial, or

7           statutory damages of whichever is the greater of $100 per day for each day

8           of violation or $10,000.00;

9       b.    An award of punitive damages against defendants upon motion; and

10      c.    Plaintiff's attorneys' fees and costs incurred herein.

11    9.    On Plaintiff's Ninth Claim for Relief:

12      a.    An award of damages incurred as a result of the West Linn Defendants'

13          unlawful interception and disclosure of his conversations, but not less than

14          damages computed at the rate of $100 per day for each day of violation or

15          $1,000, whichever is greater; and

16      c.    Plaintiff's attorneys' fees and costs incurred herein.

17    10.    On Plaintiff's Tenth Claim for Relief:

18      a.    An award of noneconomic damages to compensate plaintiff for injury to

19          his reputation, emotional distress, anxiety, humiliation, and

20          embarrassment in the amount of $2,000,000.

21    11.    Any further or alternative relief in favor of plaintiff that the Court deems

22  appropriate.

23    12.    Plaintiff demands a jury trial.

24  ///

25  ///

26  ///

Page 26 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON, SUITE 516
PORTLAND, OREGON 97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 28

1    Dated this 16th day of July, 2018.

2                                                    BUCHANAN ANGELI ALTSCHUL
                                                     & SULLIVAN LLP
3
                                                     s/ Paul Buchanan
4                                                    Paul Buchanan, OSB No. 940551
                                                     paul@baaslaw.com
5                                                    Alysa Castro, OSB No. 163217
                                                     alysa@baaslaw.com
6                                                    Telephone: (503) 974-5015
                                                     Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 27 – COMPLAINT

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
921 SW WASHINGTON, SUITE 516
PORTLAND, OREGON  97205
(503) 974-5015
(971) 230-0337 (FACSIMILE)

Exhibit 1
Page 29

7/23/2018 12:51 PM
18CV30138

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

       Plaintiff,

   vs.

WEST LINN POLICE DEPARTMENT, et al.,

     Defendant.

_____/

Case No. **18CV30138**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Multnomah       ss.

I, Edmund Knowles, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Summons and Complaint*

<u>CORPORATE SERVICE:</u>

Upon **<u>WEST LINN POLICE DEPARTMENT</u>**, by delivering such true copy, personally and in person, to Toni Tracy, who is the Administrative Assistant to the Chief thereof, at 1800 8th Avenue, West Linn, OR 97068 on July 20, 2018 at 11:34 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this __20__ day of _____July_____ ,20_18_ .

                    X _Edmund Knowles_____
                    Edmund Knowles
                    Nationwide Process Service, Inc.
                    1201 S.W. 12th Avenue, Suite 300
                    Portland, OR 97205
                    503-241-0636

*338812*

Exhibit 1
Page 30

7/30/2018 5:48 PM
18CV30138

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

          Plaintiff,                       Case No. **18CV30138**

   vs.                                  <mark>AMENDED</mark>
                                    CERTIFICATE OF SERVICE

WEST LINN POLICE DEPARTMENT, et al.,

          Defendant.

_____/

STATE OF OREGON
County of Multnomah             ss.

I, Edmund Knowles, hereby certify that I am a competent person 18 years of age or older, a
resident of the State of Oregon and that I am not a party to nor an attorney for any party in the
within named action; that I made service of a true copy of:

*Summons and Complaint*

CORPORATE SERVICE:

Upon **WEST LINN POLICE DEPARTMENT**, by delivering such true copy, to Toni Tracy who is
the Administrative Assistant, and person apparently in charge of the office of  Terry Kruger, who is
the Chief of Police thereof at 1800 8th Avenue, West Linn, OR 97068 on July 20, 2018 at 11:34 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this **24** day of *July* ,20**18**.

                           X *Edmund Knowles*
                           Edmund Knowles
                           Nationwide Process Service, Inc.
                           1201 S.W. 12th Avenue, Suite 300
                           Portland, OR 97205
                           503-241-0636

*338812*

Exhibit 1
Page 31

7/23/2018 12:51 PM
18CV30138

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

       Plaintiff,

   vs.

WEST LINN POLICE DEPARTMENT, et al.,

       Defendant.

_____/

Case No. **18CV30138**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Multnomah      ss.

I, Edmund Knowles, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that I made service of a true copy of:

*Summons and Complaint*

OFFICE SERVICE - Pursuant to ORCP7D(2)(c):

Upon **TONY REEVES fka TONY POITRAS,** by leaving such true copy at the office TONY REEVES fka TONY POITRAS maintains for the conduct of business with Toni Tracy, who is the person apparently in charge, at 1800 8th Avenue, West Linn, OR 97068 on July 20, 2018 at 11:34 AM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this ___20___ day of _____July_____,20_18_ .

               X _Edmund Knowles_____
               Edmund Knowles
               Nationwide Process Service, Inc.
               1201 S.W. 12th Avenue, Suite 300
               Portland, OR 97205
               503-241-0636

*338811*

Exhibit 1
Page 32

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

        Plaintiff,

    vs.

WEST LINN POLICE DEPARTMENT, et al.,

        Defendant.

_____/

Case No. **18CV30138**

AFFIDAVIT OF MAILING

STATE OF OREGON
County of Multnomah      ss.

I, Phyllis Steinhauser , being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On July 20, 2018, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to TONY REEVES fka TONY POITRAS.

The envelope was addressed as follows:

        TONY REEVES fka TONY POITRAS
        1800 8th Avenue
        West Linn, OR 97068

I declare under the penalty of perjury that the above statement is true and correct.

X_____
Phyllis Steinhauser
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 20 day of July , 20 18
by Phyllis Steinhauser .

_____
Notary Public for Oregon

OFFICIAL STAMP
CHERI JANE CROWE
NOTARY PUBLIC-OREGON
COMMISSION NO. 937783
MY COMMISSION EXPIRES APRIL 05, 2019

*338811*

Exhibit 1
Page 33

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

               Plaintiff,

    vs.

WEST LINN POLICE DEPARTMENT, et al.,

               Defendant.

_____/

Case No. **18CV30138**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Multnomah        ss.

I, Edmund Knowles, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that I made service of a true copy of:

*Summons and Complaint*

Upon **MIKE BOYD**, by delivering such true copy, personally and in person, to Officer Jared Brenner, who is a Police Officer thereof, at 117 N. Molalla Avenue, Molalla, OR 97038 on July 25, 2018 at 4:16 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this ___30___ day of ___July___,20_18_.

X_____Edmund Knowles_____
Edmund Knowles
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

*338810*

Exhibit 1
Page 34

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

        Plaintiff,

    vs.

WEST LINN POLICE DEPARTMENT, et al.,

        Defendant.

_____/

Case No. **18CV30138**

AFFIDAVIT OF MAILING

STATE OF OREGON
County of Multnomah       ss.

I, Phyllis Steinhauser , being first duly sworn, depose and say that I am employed by Nationwide Process Service, Inc. On July 26, 2018, I mailed a true copy of the Summons and Complaint via First Class Mail, postage pre-paid, together with a statement of the date, time and place at which service was made, to MIKE BOYD.

The envelope was addressed as follows:

      MIKE BOYD
      117 N. Molalla Avenue
      Molalla, OR 97038

I declare under the penalty of perjury that the above statement is true and correct.

X _____
Phyllis Steinhauser
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

SUBSCRIBED AND SWORN BEFORE ME
this 31st day of July, 20 18
by Phyllis Steinhauser .

_____
Notary Public for Oregon

OFFICIAL STAMP
JEFFERY KEKOA CHOW HOY
NOTARY PUBLIC-OREGON
COMMISSION NO. 973770
MY COMMISSION EXPIRES APRIL 15, 2022

*338810*

Exhibit 1
Page 35

8/3/2018 4:31 PM
18CV30138

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

MICHAEL FESSER,

        Plaintiff,                     Case No. **18CV30138**

   vs.

                                      CERTIFICATE OF SERVICE

WEST LINN POLICE DEPARTMENT, et al.,

        Defendant.

_____/

STATE OF OREGON
County of Multnomah         ss.

I, Mitch Wirth, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an officer, director, or employee of, nor attorney for any party, corporate or otherwise; that I made service of a true copy of:

*Summons and Complaint*

By delivering the aforementioned documents to **TERRY TIMEUS**, personally and in person, at 18305 Lower Midhill Drive, West Linn, OR 97068 on July 29, 2018 at 8:16 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this  30th  day of  July  ,20 18 .

X _Mitch Wirth_ _____
Mitch Wirth
Nationwide Process Service, Inc.
1201 S.W. 12th Avenue, Suite 300
Portland, OR 97205
503-241-0636

*338813*

Exhibit 1
Page 36