# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL FESSER**, <br><br> Plaintiff, <br><br> v. <br><br> **WEST LINN POLICE DEPARTMENT**, *et al.*, <br><br> Defendants. | Case No. 3:18-cv-1516-SB <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on March 22, 2019. ECF 34. Magistrate Judge Beckerman recommended that Defendants' motion for summary judgment be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

PAGE 1 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record." For those portions of Magistrate Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

Defendants timely filed an objection. ECF 36. The Court has reviewed *de novo* those portions of Judge Beckerman's Findings and Recommendation to which Defendants have objected, Defendants' objections, Plaintiff's response, as well as the briefing before Judge Beckerman.

Defendants object to Judge Beckerman's analysis and conclusion rejecting Defendants' argument that Plaintiff's state law claims should be dismissed because he did not provide timely notice under the Oregon Tort Claims Act ("OTCA"). Defendants object that Judge Beckerman: (1) disregarded the fact that Plaintiff's federal claim under 42 U.S.C. § 1983 for false arrest accrued on the day of Plaintiff's arrest; and (2) did not properly consider the importance of

Plaintiff's statements in his separate civil rights complaints against his employers that

Defendants acted outside of their jurisdiction and authority.[1]

Regarding Defendants' first objection, Defendants argue that because Plaintiff's § 1983 claim accrued on the date of his arrest, then Plaintiff knew or should have known as of that date that he had been falsely arrested. Thus, argue Defendants, if Plaintiff knew or should have known about his false arrest on that date, he needed to have filed his tort claim notice within 180 days of that false arrest. The accrual of Plaintiff's § 1983 claim for purposes of its two-year statute of limitations, however, is separate from the analysis of when Plaintiff knew or should have known about his state-law claims for purposes of the OTCA and its 180-day time limit.

As discussed by Judge Beckerman, the OTCA is subject to the discovery rule and the Oregon Court of Appeals has specifically held that for purposes of the OTCA—unlike for purposes of § 1983—the date of arrest is not necessarily the accrual date for a claim of false imprisonment based on a false arrest. *Denucci v. Henningsen*, 248 Or. App. 59, 69 (2012) ("On the day of her arrest, plaintiff plainly knew that she had been arrested. However, that fact alone was not enough to commence the 180-day period. . . . If Henningsen had had probable cause to arrest plaintiff, the arrest would not have harmed any legally protected interest that she had. Therefore, the 180-day period did not start until plaintiff knew, or in the exercise of reasonable care should have known, facts that would alert a reasonable person to a substantial possibility that her arrest was unlawful." (citation omitted)). Further, as Judge Beckerman noted, under Oregon law, application of the discovery rule is not appropriate at summary judgment "unless

---

[1] Defendants argue that Judge Beckerman "said nothing" about Plaintiff's statement in his civil complaint that Defendants had "improperly seized Plaintiff's personal belongings," which Defendants argue is "dispositive." Plaintiff's statement that he believed that Defendants conducted an improper search, however, is not dispositive of Plaintiff's state-law false arrest and false imprisonment claims.

the only conclusion that a jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." *Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or. 270, 278 (2011). The Court adopts this portion of the Findings and Recommendation.

Regarding Defendants' second objection, the Court agrees with Judge Beckerman's reasoning and analysis. As discussed by Judge Beckerman, although Plaintiff alleged on information and belief that West Linn police officers had been acting outside their jurisdiction and without proper authority, that did not mean that Plaintiff knew that they did not have probable cause, and a jury viewing the facts and evidence could conclude that Plaintiff did not and could not have known about his claim until he obtained the officer's text messages. Therefore, that Plaintiff knew or should have known about his false arrest and false imprisonment claims on the date he filed his separate civil complaints against his employer is not the *only* conclusion a jury could reach. The Court thus adopts this portion of the Findings and Recommendation.

Defendants also object that Judge Beckerman erred in finding that the settlement agreement between Plaintiff and his employer did not release Defendants as "agents" of Plaintiff's employer. In the settlement agreement, Plaintiff agreed to release his employer's "subsidiaries, parent companies, affiliated entities, related entities, operating entities, franchises, predecessors, successors, assigns, officers, directors, trustees, agents, benefit plans, partners, employees, attorneys, shareholders, or insurers." Defendants are the West Linn Police Department and individual West Linn police officers. They were not parties to the civil litigation between Plaintiff and his employer that was resolved through the settlement agreement. Defendants do not contend that they are agents of Plaintiff's employer. Defendants instead argue

the only conclusion that a jury could reach is that the plaintiff knew or should have known the critical facts at a specified time and did not file suit within the requisite time thereafter." *Kaseberg v. Davis Wright Tremaine, LLP*, 351 Or. 270, 278 (2011). The Court adopts this portion of the Findings and Recommendation.

Regarding Defendants' second objection, the Court agrees with Judge Beckerman's reasoning and analysis. As discussed by Judge Beckerman, although Plaintiff alleged on information and belief that West Linn police officers had been acting outside their jurisdiction and without proper authority, that did not mean that Plaintiff knew that they did not have probable cause, and a jury viewing the facts and evidence could conclude that Plaintiff did not and could not have known about his claim until he obtained the officer's text messages. Therefore, that Plaintiff knew or should have known about his false arrest and false imprisonment claims on the date he filed his separate civil complaints against his employer is not the *only* conclusion a jury could reach. The Court thus adopts this portion of the Findings and Recommendation.

Defendants also object that Judge Beckerman erred in finding that the settlement agreement between Plaintiff and his employer did not release Defendants as "agents" of Plaintiff's employer. In the settlement agreement, Plaintiff agreed to release his employer's "subsidiaries, parent companies, affiliated entities, related entities, operating entities, franchises, predecessors, successors, assigns, officers, directors, trustees, agents, benefit plans, partners, employees, attorneys, shareholders, or insurers." Defendants are the West Linn Police Department and individual West Linn police officers. They were not parties to the civil litigation between Plaintiff and his employer that was resolved through the settlement agreement. Defendants do not contend that they are agents of Plaintiff's employer. Defendants instead argue

that because Plaintiff alleged in his separate complaint against his employer that upon information and belief at the time of his arrest the police were acting as "agents" of Plaintiff's employer, then months later Plaintiff and his employer intended to release Defendants in the settlement agreement's text that included "agents." Therefore, argue Defendants, they are intended third-party beneficiaries of that release. The Court agrees with and adopts Judge Beckerman's analysis on this issue.

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation, ECF 34. Defendants' Motion for Summary Judgment (ECF 13) is DENIED.

**IT IS SO ORDERED.**

DATED this 24th day of June, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge