# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL FESSER**, | Case No. 3:18-cv-1516-SB |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| **WEST LINN POLICE DEPARTMENT**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on October 7, 2019. ECF 66. Magistrate Judge Beckerman recommended that Plaintiff's motion for leave to file a Second Amended Complaint be granted in part and corrected motion for leave to file a Third Amended Complaint be granted. Specifically, Magistrate Judge Beckerman recommended granting Plaintiff leave to substitute the City of West Linn as a defendant in place of the West Linn Police Department and to bring a new claim alleging violations of the First Amendment. Judge Beckerman recommended denying as futile Plaintiffs' request to bring a claim against the City under *Monell*, based on the fact that Plaintiff only articulated the "policy or custom" theory of municipal liability and did not argue before Judge Beckerman the "final policymaker" or "ratification" theories of liability, which

PAGE 1 – ORDER

Judge Beckerman specifically noted she was not addressing in her Findings and Recommendation.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record." For those portions of Magistrate Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent and those portions of Judge Beckerman's Findings and Recommendation are adopted.

Plaintiff timely filed an objection. ECF 66. Plaintiff presented new evidence with his objection. ECF 67. Plaintiff argues that his proposed amended complaint sufficiently alleges a *Monell* claim based on the direct conduct of Police Chief Terry Timeus and his ratification of the conduct of the other officers involved in the alleged constitutional violations, and that even earlier iterations of the complaint can be construed as alleging such a claim. This evidence addresses the bases of *Monell* liability that Plaintiff did not argue to Judge Beckerman and that Judge Beckerman therefore specifically declined to reach. Plaintiff's new evidence includes portions of the transcript from the deposition of Chief Timeus and the deposition of Officer Tony Reeves. Defendants argue that the Court should not consider Plaintiff's new evidence or argument, because to do so would "hopscotch over the magistrate."

In the interest of efficiency and economy for the Court and the parties, the undersigned judge exercises his discretion to consider the additional argument and evidence provided by Plaintiff with his objection. *See* 28 U.S.C. § 636(b)(1) (permitting a court to "receive further evidence" at its discretion); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) (discussing the Circuit split on whether a district court must or may consider new evidence when reviewing *de novo* a magistrate judge's findings and recommendation, and concluding that a district "has discretion, but is not required" to consider new evidence). The Court would otherwise refer this question to Judge Beckerman to resolve in light of Plaintiff's new evidence and argument, causing further delay. Because the Court considers Plaintiff's new argument and evidence, the Findings and Recommendation's ultimate conclusion regarding whether Plaintiff may allege a claim under *Monell* is no longer applicable.[1] The Court conducts a *de novo* review.

---

[1] The Court adopts Judge Beckerman's analysis and conclusion relating to the "policy or custom" claim under *Monell*.

The Court first considers whether Plaintiff meets the good cause requirement of Rule 16 to amend the pleadings after the schedule set by the Court. Defendants note that Plaintiff argued he moved at this late date to add the "policy or custom" *Monell* claim because he only recently learned in discovery facts that would support such a claim, and that argument does not apply to a "final policymaker" or "ratification" *Monell* claim. Plaintiff's original complaint included some allegations regarding he direct involvement of Chief Timeus in directing the relevant conduct. At his June 25, 2019 deposition, however, Chief Timeus confirmed his final policymaking role with respect to the West Linn police department (as opposed, for example, to the mayor, city manager, or some other official), and confirmed his role with respect to directing and ratifying the alleged conduct. In light of the standards for *Monell* liability, it was not unreasonable for Plaintiffs to wait until after this deposition to bring their *Monell* claim based on final policymaking authority and ratification.

Defendants also argue that leave to amend should not be granted under Rule 15 because Plaintiff does not state a claim for "final policymaker" or "ratification" *Monell* liability. This appears to be a futility argument. Rule 15(a)(2) of the Federal Rule of Civil Procedure provides that the "court should freely give leave [to amend a pleading] when justice so requires." A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,

undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Futility of amendment, however, "can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). Generally, however, "[a]bsent prejudice, or a strong showing of any of the remaining [four] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (alterations added, emphasis in original). When weighing the factors, all inferences should be made in favor of granting the motion to amend. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

Leave to amend may be denied if the proposed amendment is futile or would be subject to immediate dismissal. *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). An amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cty.*, 119 F.3d 1385, 1393 (9th Cir. 1997)); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) ("An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988))). If the underlying facts or circumstances possibly could "be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The

standard for assessing whether a proposed amendment is futile therefore is the same as the standard imposed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, *see, e.g.*, *Miller*, 845 F.2d at 214, although "viewed through the lens of the requirement that courts freely give leave to amend when justice so requires." *Barber v. Select Rehab., LLC*, 2019 WL 2028519, *1 (D. Or. May 8, 2019). In considering futility, the Court does not simply consider the facts alleged, but also considers whether there may be "additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint" that would support the new claim. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Krainski v. Nev. ex rel. Bd. of Regents of Nev. System of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010)); *see also Quest Integrity USA, LLC v. A.Hak Indus. Servs. US, LLC*, 2016 WL 4533067, at *2 (W.D. Wash. Apr. 8, 2016) ("In determining whether leave to amend should be given, a proposed amendment is futile only if the complaint cannot be saved by further amendment. . . . The Court therefore finds that although the proposed *Walker Process* counterclaims are not particularly well pleaded, they are not futile because they could potentially be saved by further amendment.").

The facts alleged in Plaintiff's proposed Third Amended Complaint sufficiently support a claim for *Monell* liability based on Chief Timeus's direct involvement and ratification of the conduct of other officers. The Second Claim for Relief, Plaintiff's claim under 42 U.S.C. § 1983, however, does not clearly articulate the "final policymaker" or "ratification" theories of liability as against the City. This claim only articulates the "policy or custom" theory of liability. "Courts must consider the complaint in its entirety" when determining whether a plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). When so construed, Plaintiff's proposed Third Amended Complaint is

sufficient. Even if the Court were only to consider the allegations articulated in the Second Claim for Relief, the claim would not be futile because a further amendment articulating the "final policymaker" and "ratification" theories of liability within the Second Claim for Relief could be filed. Therefore, for clarity, Plaintiff may file a Fourth Amended Complaint that specifically includes the "final policymaker" and "ratification" theories of liability in the Second Claim for Relief.

The Court **ADOPTS IN PART** Magistrate Judge Beckerman's Findings and Recommendation, ECF 64. Plaintiff's Motions for Leave to file an amended complaint (ECF 38, 56) are GRANTED.

**IT IS SO ORDERED.**

DATED this 7th day of November, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge